IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

**NELLY KARINA LUMBI-LUMBI,**          )
                                       )
           Petitioner,                 )
                                       )
     v.                                )          3:26cv1097
                                       )          **Electronic Filing**
**TODD M. LYONS, FIELD OFFICE**        )
**DIRECTOR, WARDEN,**                  )
                                       )
           Respondents.                )

## MEMORANDUM ORDER

Nelly Karina Lumbi-Lumbi ("petitioner") is an immigrant detainee presently held in Moshannon Valley Processing Center.  Petitioner is a citizen of Ecuador.  The Department of Homeland Security ("respondents") deemed her an "applicant seeking admission" under 8 U.S.C. § 1225(b)(2)(A), commenced removal proceedings against her and subjected her to mandatory detention without an individualized bond hearing.  Petitioner seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2241, contending among other things that her detention under § 1225 is improper and an individualized determination as to release or detention pursuant to § 1226 is appropriate.

Respondents acknowledge that their position for detention is the same as has been advanced in the principal cases cited in the court's Case Management Order of June 15, 2026. Specifically, respondents "incorporate by reference their briefs filed on their behalf, and other respondents similarly-situated, in this Court in the above-listed matters.  Beyond that, they respond as follows: this matter presents a straightforward application of Matter of Yajure Hurtado, 29 I&N Dec. 216 (BIA 2025)."

On June 8, 2026, the court addressed and resolved the core issues underlying parties' dispute in this case in an opinion and order issued in the Xiquin v. Oddo, et. al, No. 26-cv-734,

Dkt No.s 9 & 10,  (W.D. Pa. June 8, 2026) (Cercone, J.).  There, the court determined that petitioner's interpretation of the immigration statutes was support by the statutory text, the Supreme Court's teachings and guidance in the area, the protections of the Due Process Clause to those who have an established presence in the country, the last thirty years of executive and agency enforcement practices and the consensus of the judges in this District.  Those reasons apply with equal force in this case.  Accordingly, the following order is appropriate:

AND NOW this 22nd day of June, 2026, for the foregoing reasons and pursuant to Rule 58, the Court GRANTS the [1] petition for writ of habeas corpus and ISSUES the writ, on these terms:

- Respondents shall either (1) cause Petitioner to be taken before a neutral immigration judge of the Executive Office of Immigration Review for an individualized bond hearing, which hearing shall occur within 21 days of this order; or (2) release Petitioner by that date; and

- Respondents shall ensure that the hearing includes the required attributes of due process, *i.e.*, at a minimum, factfinding based on a record produced before the decisionmaker in which Petitioner has the opportunity to testify and submit evidence, and with the record being disclosed to Petitioner; an opportunity to make arguments on the Petitioner's behalf; and the right to an individualized determination of Petitioner's interests.  See Ghanem v. Warden Essex Cnty. Corr. Facility, No. 21-1908, 2022 WL 574624, at *2 (3d Cir. Feb. 25, 2022).

- The providing of interpretation services in petitioner's native language during the hearing to the extent petitioner is not sufficiently conversant in English.

The Court further finds that Respondents' position was substantially justified, so no fees will be awarded.  The Petition is denied in all other aspects.  The Clerk of Court shall mark the case closed.

<u>s/ David Stewart Cercone</u>
David Stewart Cercone
Senior United States District Judge


cc:    Donovan Cocas, AUSA

NELLY KARINA LUMBI-LUMBI
A#: 246-231-137
MOSHANNON VALLEY PROCESSING CENTER
555 GEO DRIVE
PHILIPSBURG, PA 16866

(*Via First Class Mail*)

3